THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TYRONE KING, Defendant-Appellant.

(No. 61059;

First District (4th Division)—June 25, 1975.

James J. Doherty, Public Defender, of Chicago (Gail A. Moreland, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Irvin Robbins, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Tyrone King, appeals from a judgment of the Circuit Court of Cook County sustaining the State's motion to dismiss his petition for post-conviction relief.

On the 27th of January, 1971, the defendant entered guilty pleas to three counts of murder and one count of unlawful use of weapons. He was sentenced to a term of 25 to 50 years for murder, and 4 to 5 years on the weapons charge, the sentences to run concurrently.

The defendant did not take a direct appeal, but on July 29, 1973, filed a pro se petition for post-conviction relief pursuant to the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1971, ch. 38, § 122—1 *et seq.*) He alleged that the trial court accepted his plea of guilty without first determining whether or not he understood the rights he was waiving; he was not mentally competent to enter any type of plea; his counsel was incompetent; the plea was obtained while he was under mental coercion and duress; and the State withheld evidence exonerating him and fabricated circumstantial evidence against him; and he pleaded guilty in order to avoid a possible death sentence.

On July 16, 1974, the public defender filed a supplemental petition alleging that the defendant had not signed a jury waiver, and the trial judge did not advise him of the minimum and maximum penalties which he could receive under Illinois law.

On January 29, 1974, the State filed a motion to dismiss the defendant's petition, stating that his allegations failed to raise any constitutional questions, the defendant had signed a jury waiver, and he had been properly admonished as to the sentence which he might receive. After hearing the arguments of counsel, the trial court sustained the State's motion to dismiss, and the defendant appeals from that judgment.

The public defender now seeks to withdraw and has filed a brief in support of his motion pursuant to the case of *Anders v. California* (1967), 386 U.S. 738. After reviewing each of the defendant's contentions, he concludes there are no meritorious issues on appeal. The defendant alleges the trial court did not determine whether he understood all of the rights he was waiving, but the record shows the trial court repeatedly admonished him with respect to those rights, and he repeatedly replied that he understood. In addition, the defendant's attorney also advised him of his rights and the consequences of his plea.

The defendant alleges that he was not mentally competent, but there was a finding by Dr. Reifman that he was competent to stand trial. Throughout the proceedings, the record shows the defendant demonstrated his awareness and ability to cooperate in his own defense.

There is no evidence in the record that the defendant's private attorney was incompetent or ineffective. At the hearing the trial court stated that defendant's counsel was "a very competent attorney."

The defendant alleges that the plea was obtained through duress and coercion, yet the record shows that three times the defendant said that no threats had been made to obtain his guilty plea.

The supplemental petition alleged the trial court did not have the defendant sign a written jury waiver, and the trial court did not advise the defendant of the minimum or maximum penalties which he might receive under the law. However, at the hearing a jury waiver signed by the defendant was produced, and the record shows the defendant was told that if he pleaded guilty he would be sentenced to a term of 25 to 50 years.

This court sent the defendant a copy of the motion and brief of the public defender, along with a letter advising him of his right to file any points in support of his appeal. He has replied in a letter to the court and has made essentially the same allegations as in his pro se petition.

After examining the record and the letter written by the defendant, we conclude the public defender is correct and there is no merit to the appeal.

In his letter, the defendant also requested the appointment of the office of the State Appellate Defender in lieu of the public defender. The case was brought to the attention of the Appellate Defender, and he declined to review the decision of the public defender finding the case has no merit.

For these reasons, the motion of the public defender to withdraw is allowed, and the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.